UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ROLANDO LUIS,
and other similarly situated individuals,

      Plaintiff,

v.

VMSB, LLC
d/b/a CASA CASUARINA
d/b/a GIANNI'S

      Defendant,

_____/

## **COMPLAINT**

The Plaintiff ROLANDO LUIS**,** by and through undersigned counsel, hereby sues Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff ROLANDO LUIS under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), as amended, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to Plaintiff by the Defendant's discriminatory treatment based on his Age.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00 exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA), as amended, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal case, and according to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, according to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful,  were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. The Plaintiff ROLANDO LUIS is a resident of Miami-Dade County, who was employed by the Defendant and is a member of certain protected classes of persons because of his Age.  Plaintiff's complete name is Rolando Luis Castillo.

7. Corporate Defendant VMSB, LLC d/b/a CASA CASUARINA, d/b/a GIANNI'S (hereinafter, "CASA CASUARINA", or Defendant), is a profit corporation authorized to conduct business in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court.

8.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9.  At all relevant times, Defendant CASA CASUARINA has continuously had at least 20 employees.

<u>PROCEDURAL REQUIREMENTS</u>

10. All conditions precedent for this action has been fulfilled. On or about August 15, 2019, Plaintiff ROLANDO LUIS dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints.  On or about April 23, 2020, the U.S. Equal Employment Opportunity Commission, on request, issued to Plaintiff a Notice of Right To Sue concerning such charge of discrimination. The Plaintiff received this document on or about April 28, 2019. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights".

11. This "Notice of Right To Sue" was issued under the name of Luis R. Castillo, Plaintiff's correct name is Rolando Luis Castillo, being Rolando his first name and Luis his last name. ***See composite Exhibit "A."***

<u>STATEMENT OF FACTS</u>

12. The Plaintiff ROLANDO LUIS Plaintiff is a 56 years old male of Cuban National Origin. Plaintiff ROLANDO LUIS is a member of a protected class under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA). As

amended, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, because of his Age, and because of his participation in protected activities within the meaning of federal and state law.

13. The Defendant CASA CASUARINA is an Italian/Mediterranean restaurant located at 1116, Ocean Drive, Miami Beach, Florida 33139, where the Plaintiff worked.

14. Defendant CASA CASUARINA employed ROLANDO LUIS as a non-exempted, hourly, full-time restaurant employee, from on or about October 26, 2016, through approximately July 29, 2019, or 144 weeks.

15. The Plaintiff had duties as a prep cook, and his last wage rate was $13.00 an hour.

16. The Defendant CASA CASUARINA also employed Plaintiff's brother, 52-year-old Raimundo Ruiz Castillo, from March 3, 2015, to March 15, 2019, or 155 weeks. Raimundo Ruiz Castillo held the same position as a prep cook and worked under the same supervision as Plaintiff ROLANDO LUIS.

17. Throughout his employment with the Defendant, the Plaintiff performed his duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed his duties without significant issue or controversy.

18. However, during his employment with Defendant, the Plaintiff experienced unlawful discrimination and harassment based on his Age. Plaintiff suffered retaliation because he complained about Age discrimination. Plaintiff also

suffered third-party retaliation based on his brother's protected activities under ADEA and Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

19. Defendant CASA CASUARINA engaged in unlawful employment practices, in violation of Sections 4(a)(1) and (d) of the ADEA, 29 U.S.C. §623(a) and (d), and in violation of the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

20. Specifically, Plaintiff alleges that as soon as Chef Walter Mancini began to work at the restaurant, on or about the first days of March 2019, he began to discriminate against Plaintiff and his brother Raimundo Ruiz Castillo based on their Age.

21. Chef Walter Mancini harassed Plaintiff and his brother by stating: "You are too old and slow to work in this kitchen", and other unwelcome age-related remarks. Those age-related negative remarks were directed to Plaintiff and his brother. Chef Walter Mancini made this and other unwelcome remarks about Plaintiff's age daily.

22. The Chef Walter Mancini subjected Plaintiff and his brother to excessive surveillance and job scrutiny, and he monitored every movement or activity of them. Then the Chef would criticize the work performed by Plaintiff and his brother. Chef Walter Mancini looked for reasons to scream at Plaintiff and his brother humiliating them in front of all their co-workers.

23. On or about March 8, 2019, Plaintiff's brother Raimundo Ruiz Castillo opposed to the wrongful conduct of Chef Walter Mancini and demanded the Chef to stop his harassment.

24. On the same date, Plaintiff ROLANDO LUIS also opposed to the discriminatory conduct of Chef Walter Mancini and demanded him to stop his age-related discriminatory remarks directed to him and his brother.

25. These complaints constituted protected activity under the Age Discrimination in Employment Act, (ADEA)29 U.S.C. 623 (d).

26. On or about March 15, 2019, or one week later, Plaintiff's brother, Raimundo Ruiz Castillo was fired in retaliation for his complaint about Age discrimination.

27. After his brother was fired, the Plaintiff continued working under stressful circumstances, knowing that he could be fired next.

28. On or about March 28, 2019,  Plaintiff's brother, Raimundo Ruiz Castillo, filed an FLSA lawsuit against the Defendants, and on or about April 01, 2019, he also filed a Charge of Age Discrimination with the U.S Equal Employment Opportunity Commission (EEOC).

29. When the Defendant discovered that Plaintiff's brother had filed his charge of Discrimination, it retaliated against Plaintiff.

30. The Plaintiff suffered increased discrimination and harassment because of his association with someone who had participated in the protected activity of filing an EEOC charge under ADEA. The Plaintiff was penalized because his brother exercised his rights under ADEA. Therefore, Plaintiff suffered third-party retaliation.

31. The Age-related Charge of Discrimination filed against the Defendant did not deter Chef Walter Mancini from continuing his discrimination and harassment based on Age, against the Plaintiff.

32. Plaintiff was subjected to different terms and conditions of employment, he was unfairly reprimanded, Plaintiff's work was closely scrutinized more than that of other employees, without justification and then he was accused of poor performance.

33. Furthermore, Chef Walter Mancini repeatedly threatened Plaintiff with the reduction of his working hours and with his termination. The Chef did not approve anything Plaintiff did and angrily yelled at him, but he did not explain to the Plaintiff what he was doing wrong.

34. The Plaintiff needed his employment, then he continued working very hard without any further complaints and suffering the retaliatory harassment and hostile working environment because of his Age. The Chef Walter Mancini showed open hostility towards the Plaintiff and he lived in fear of losing his job.

35. The harassment of Chef Walter Mancini was so severe and pervasive that created for Plaintiff a hostile working environment. The Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that Chef Walter Mancini was trying to fire him, but he did not complain in fear of precipitating his termination.

36. Plaintiff knew that Chef Walter Mancini, his harasser, was his superior and that he was an individual with the power to alter and determine his working conditions. Plaintiff remembered what happened to his brother.

37. On or about July 15, 2019, Defendant escalated his harassment, and Plaintiff's working hours were reduced from more than 40 weekly to about 24 hours per week, without any explanation.

38. On or about July 29, 2019, Plaintiff talked to Chef Walter Mancini, and he requested more working hours, but the Chef refused to give Plaintiff his full-time hours back.

39. Plaintiff complained and told Chef Walter Mancini that he was suffering discrimination and retaliation because he and his brother complained about Age discrimination. Plaintiff also stated that he was suffering double retaliation, and that Defendant was punishing him because he complained about Age discrimination and because his brother had filed a Charge of Discrimination against Defendant.

40. This complaint constituted protected activity under Federal and State law.

41. Immediately after this complaint, the Plaintiff was fired by the Defendant using pretextual reasons.

42. On or about July 29, 2019, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because he complained of unlawful age discrimination and harassment and because his brother engaged in protected activities, in violation of both Federal and State Laws.

43. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's engaged in protected on the same day, July 29, 2019.

44. As a direct and proximate result of Defendant's intentional and willful actions, the Plaintiff has been damaged. The Plaintiff suffered serious economic losses as well as mental pain and suffering, which was detrimental to the Plaintiff's health.

45. The Plaintiff was fired by the Defendant, and the Plaintiff's termination was directly and proximately caused by the Defendant's unlawful discrimination and harassment on basis of Age, in violation of both Federal and State Laws.

<u>**COUNT I:**</u>
<u>**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE**</u>

46. Plaintiff ROLANDO LUIS re-adopts every factual allegation as stated in paragraphs 1-45 above as if set out in full herein.

47. The Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623 (d).

48. Defendant CASA CASUARINA employed Plaintiff ROLANDO LUIS as a non-exempted, hourly, full-time restaurant employee, from on or about March 03, 2015, through approximately March 15, 2019, or more than 4 years.

49. Defendant CASA CASUARINA employed ROLANDO LUIS as a non-exempted, hourly, full-time restaurant employee, from on or about October 26, 2016, through approximately July 29, 2019, or 144 weeks

50. The Plaintiff was a full-time, prep cook. At the time of his termination, Plaintiff's wage-rate was $13.00 an hour.

51. At all times material hereto, the Employer/Defendant CASA CASUARINA failed to comply with the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 (a) *et seq*., which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

52. The discrimination of Plaintiff by Defendant was caused by the Defendant being aware of the Plaintiff's age, to wit: 56 years of age at the time of his termination.

53. The discrimination of Plaintiff ROLANDO LUIS by Defendant CASA CASUARINA was caused by the Defendant being aware of the Plaintiff's Age.

54. At all relevant times aforementioned, including the time of discrimination, the Defendant was aware that Plaintiff ROLANDO LUIS was 56 years old.

55. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant. The Plaintiff was qualified for the position apart from his apparent Age.

56. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

57. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

58. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his Age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

59. The Plaintiff was fired by the Defendant and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because he was 56 years old, in violation of the Act.

60. At the time of the Defendant's termination of his employment, the Plaintiff did perform and excel at the performance of the essential functions of his position.

61. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant CASA CASUARINA is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age and complaints related to the unlawful acts of discrimination and harassment.

62. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The discrimination based on Age constitutes unlawful discrimination.

63. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

64. Defendant, CASA CASUARINA is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, hostile working environment,  and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

65. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROLANDO LUIS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant CASA CASUARINA to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his age.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including attorney's fees and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ROLANDO LUIS demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN</u>**
**<u>EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (d) (ADEA):</u>**
**<u>ANTI-RETALIATION PROVISION</u>**

66. Plaintiff ROLANDO LUIS re-adopts every factual allegation as stated in paragraphs 1-45 above as if set out in full herein.

67. Defendant CASA CASUARINA employed ROLANDO LUIS as a non-exempted, hourly, full-time restaurant employee, from on or about October 26, 2016, through approximately July 29, 2019, or 144 weeks.

68. The Defendant CASA CASUARINA also employed Plaintiff's brother, Raimundo Ruiz Castillo, from March 3, 2015, to March 15, 2019, or 155 weeks. Raimundo Ruiz Castillo held the same position as a prep cook and worked under the same supervision as Plaintiff ROLANDO LUIS.

69. At all times material hereto, the Employer/Defendant failed to comply with the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 (d), which states, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment,…because such individual,… *has opposed any practice made unlawful by this section*, or because of such individual,… has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or litigation under this chapter" (emphasis added).

70. The Defendant CASA CASUARINA is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

71. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

72. During their time of employment with Defendant CASA CASUARINA, Plaintiff ROLANDO LUIS and his brother Raimundo Ruiz Castillo suffered discrimination and harassment based on their Age.

73. Since Chef Walter Mancini arrived to work at CASA CASUARINA, he subjected the Plaintiff and his brother to discriminatory treatment and harassment because of their Age.

74. On or about March 8, 2019, Plaintiff opposed to the conduct of Chef Walter Mancini.  The Plaintiff and his brother confronted the Chef directly and demanded him to stop his discriminatory remarks about their Age.

75. This complaint constituted protected activity under the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA).

76. The Plaintiff's brother, Raimundo Ruiz Castillo was fired the following week, March 15, 2019. After his termination, Raimundo Ruiz Castillo filed a Charge of Age Discrimination with the EEOC on or about April 01, 2019.

77. Upon the termination of his brother, and the subsequent filing of his FLSA lawsuit and Charge of Discrimination, Defendant retaliated against Plaintiff.

78. The Plaintiff suffered increased discrimination, harassment, and retaliation because of his association with someone who had participated in the protected activity of filing an EEOC charge under ADEA.

79. The Age-related Charge of Discrimination filed against the Defendant did not deter Chef Walter Mancini from continuing his Age-related discrimination and harassment against Plaintiff.

80. The Plaintiff was penalized and retaliated against because his brother exercised his rights under ADEA. Therefore, Plaintiff suffered third-party retaliation.

81. Plaintiff was subjected to different terms and conditions of employment, he was unfairly reprimanded, Plaintiff's work was closely scrutinized more than that of other employees, without justification and then he was accused of poor performance.

82. Furthermore, Chef Walter Mancini repeatedly threatened Plaintiff with the reduction of his working hours and with his termination.

83. The harassment of Chef Walter Mancini was so severe and pervasive that created a hostile working environment for the Plaintiff.

84. On or about July 15, 2019, Defendant escalated his harassment and retaliatory conduct, and Plaintiff's working hours were reduced from more than 40 weekly to about 24 hours per week.

85. On or about July 29, 2019, complained about the reduction of his working hours, and he complained about discrimination, harassment, and retaliation.

86. Plaintiff complained and told Chef Walter Mancini that he was suffering discrimination and retaliation because he and his brother complained about Age discrimination. Plaintiff also stated that he was suffering double retaliation, and that Defendant was punishing him because he complained about Age discrimination and because his brother had filed a Charge of Discrimination against Defendant.

87. This complaint constituted protected activity under the Age Discrimination in Employment Act, as amended, 29 U.S.C. 623 (ADEA).

88. As a result of this complaint, the same day the Plaintiff was fired by the Defendant, using pretextual reasons.

89. Therefore, on or about July 29, 2019, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because he engaged in protected activities under ADEA and because Plaintiff's brother Raimundo Ruiz Castillo filed a Charge of Discrimination based on Age.

90. Defendant's actions violated the anti-retaliatory provisions of the Age Discrimination in Employment Act, as amended, 29 U.S.C. 623 (ADEA).

91. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's engaged in protected on the same day, July 29, 2019.

92. The Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

93. Defendant CASA CASUARINA through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's

federally protected rights, retaliated against Plaintiff ROLANDO LUIS on account of Plaintiff's complaints and being discriminated because of his Age.

94. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

95. As a result of the retaliation, Plaintiff ROLANDO LUIS has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

96. Defendant CASA CASUARINA is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

97. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROLANDO LUIS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation from the discrimination and/or for terminating Plaintiff in retaliation of his complaints of age discrimination.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorneys' fees, and further demands a trial by jury on all issues so triable.

JURY TRIAL DEMAND

Plaintiff ROLANDO LUIS demands a trial by jury on all issues triable as of right by a jury.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**
**DISCRIMINATION BASED ON AGE**

98. Plaintiff ROLANDO LUIS re-adopts every factual allegation as stated in paragraphs 1-45 above as if set out in full herein.

99. Plaintiff is a member of a protected class under Title VII, and the Florida Civil Rights Act because of his Age, within the meaning of the Florida Civil Rights Act.

100.  Defendant CASA CASUARINA employed ROLANDO LUIS as a non-exempted, hourly, full-time restaurant employee, from on or about October 26, 2016, through approximately July 29, 2019, or 144 weeks

101.   At all times material hereto, the Employer/Defendant CASA CASUARINA

failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes

Section 760.10] which states:

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.*

102.   The discrimination and termination of Plaintiff ROLANDO LUIS by

Defendant were based on the Plaintiff being 56-year-old.

103.   The Discrimination and Harassment of Plaintiff ROLANDO LUIS by

Defendant CASA CASUARINA was caused by the Defendant being aware of

the Plaintiff's Age.

104.   The Plaintiff was harassed and discriminated because of his Age, he

suffered discriminatory treatment, hostile working environment, retaliation,

and finally, he was terminated.

105.   At all relevant times, including the time of the employment termination of

Plaintiff, Defendant, was aware that Plaintiff was 56-year-old.

106.   At the time of the Defendant's termination of his employment, the Plaintiff

did perform and excel at the performance of the essential functions of his

position.

107.   The Plaintiff was well qualified for the position.

108.   The Plaintiff was fired by the Defendant and the Plaintiff's termination of

employment   was   directly   and   proximately   caused   by   the   Defendant's

unjustified discrimination against Plaintiff because of his Age, in violation of Florida Statute Section 760.

109.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

110.   Any alleged nondiscriminatory reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason for terminating employment, his Age.

111.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of Race, Color, Religion, Sex, National Origin, Age, Handicap, or Marital status.

112.   The actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

113.   Defendant CASA CASUARINA is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the Discrimination, Harassment to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

114.   The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROLANDO LUIS respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA, its officers, successors, assignees, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Age.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation from employment termination due to his Age.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff ROLANDO LUIS demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES; RETALIATION**

115.   Plaintiff ROLANDO LUIS re-adopts every factual allegation as stated in paragraphs 1-45 and 97-114 of this Complaint as if set out in full herein.

116.   This is an action against CASA CASUARINA for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

117.   The Defendant CASA CASUARINA employed ROLANDO LUIS as a non-exempted, hourly, full-time restaurant employee, from on or about October 26, 2016, through approximately July 29, 2019, or 144 weeks.

118.   The Defendant CASA CASUARINA also employed Plaintiff's brother, Raimundo Ruiz Castillo, from March 3, 2015, to March 15, 2019, or 155 weeks. Raimundo Ruiz Castillo held the same position as a prep cook and worked under the same supervision as the Plaintiff ROLANDO LUIS.

119.   The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under Title VII.

120.   The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

121.   Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his age, and because of their participation in protected activities within the meaning of the Florida Civil Rights Act.

122.   During his time of employment with Defendant CASA CASUARINA, Plaintiff ROLANDO LUIS suffered discrimination and harassment based on his Age.

123.   Since Chef Walter Mancini arrived to work at CASA CASUARINA, he subjected the Plaintiff and his brother to discriminatory treatment and harassment because of their Age.

124.   On or about March 8, 2019, Plaintiff opposed to the conduct of Chef Walter Mancini.  The Plaintiff and his brother confronted the Chef directly and demanded him to stop his discriminatory remarks about their Age.

125.   This complaint constituted protected activity under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

126.   The Plaintiff's brother, Raimundo Ruiz Castillo was fired the following week, March 15, 2019. After his termination, Raimundo Ruiz Castillo filed a Charge of Age Discrimination with the EEOC, on or about April 01, 2019.

127.   Upon the termination of his brother, and the subsequent filing of his FLSA lawsuit and Charge of Discrimination, Defendant retaliated against Plaintiff.

128.   The Plaintiff suffered increased discrimination, harassment, and retaliation because of his association with someone who had participated in the protected activity of filing an EEOC charge under ADEA.

129.   The Age-related Charge of Discrimination filed against the Defendant did not deter Chef Walter Mancini from continuing his harassment against Plaintiff because of his Age.

130.   The Plaintiff was penalized and retaliated against because his brother exercised his rights under the FCRA, Fla. Stat. Section 760.10, (7). Therefore, Plaintiff suffered third-party retaliation.

131.   Plaintiff was subjected to different terms and conditions of employment, he was unfairly reprimanded, Plaintiff's work was closely scrutinized more than that of other employees, without justification and then he was accused of poor performance.

132.   Furthermore, Chef Walter Mancini repeatedly threatened Plaintiff with the reduction of his working hours and with his termination.

133.   The harassment of Chef Walter Mancini was so severe and pervasive that created a hostile working environment for the Plaintiff.

134.   On or about July 15, 2019, Defendant escalated his harassment and retaliatory conduct, and Plaintiff's working hours were reduced from more than 40 weekly to about 24 hours per week.

135.   On or about July 29, 2019, complained about the reduction of his working hours, and he complained about discrimination, harassment, and retaliation.

136.   Plaintiff complained and told Chef Walter Mancini that he was suffering discrimination and retaliation because he and his brother complained about Age discrimination. Plaintiff also stated that he was suffering double retaliation, and that Defendant was punishing him because he complained about Age discrimination complaint and because his brother had filed a Charge of Age Discrimination against Defendant.

137.   This complaint constituted protected activity under the FCRA, Fla. Stat. Section 760.10, (7).

138.   As a result of this complaint, the Plaintiff was fired by the Defendant using pretextual reasons.

139.   Therefore, on or about July 29, 2019, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because he engaged in protected activities under the FCRA and because Plaintiff's brother Raimundo Ruiz Castillo filed an Age Charge of Discrimination against Defendant.

140.   Defendant's actions violated the anti-retaliatory provisions of the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

141.   Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's engaged in protected on the same day, July 29, 2019.

142.   The protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

143.   At the time of his termination Plaintiff performed and excelled at the functions of his job, any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment because of his Age.

144.   Defendant CASA CASUARINA through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's statutory protected rights, retaliated against Plaintiff ROLANDO LUIS on account of Plaintiff's complaints about being discriminated because of his Age.

145.   Defendant CASA CASUARINA is subject to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to prevent and to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

146.   The harassment and discrimination were perpetrated by the decision-maker, and this fact, perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on Plaintiff's Age within the meaning of Section 760.10 of the Florida Civil Rights Act.

147.   As a direct and proximate result of the actions and omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of his statutory rights.

148.   The Plaintiff has no plain, adequate, or complete remedy at law.  He is suffering and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROLANDO LUIS respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant CASA CASUARINA, its officers, successors, assigns, and all persons in active concert or participation with

it, from engaging in the further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B.  Award Plaintiff ROLANDO LUIS judgment against the Defendant CASA CASUARINA for compensatory damages as determined by the Trier of fact.

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D.  Enter Judgment for Punitive damages against CASA CASUARINA.

E.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff ROLANDO LUIS demands trial by a jury of all issues triable as of right by a jury.

Dated:  July 17, 2020

Respectfully submitted,

By: _/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*